UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DOUGLAS VILLARRUBIA**                               **CIVIL ACTION**

**VERSUS**                                            **NO: 23-2648**

**SAFETY-KLEEN SYSTEMS, INC.**                        **SECTION "H"**

ORDER AND REASONS

Before the Court is Defendant Safety-Kleen System, Inc.'s Motion to Dismiss (Doc. 4). For the following reasons, the Motion is **GRANTED**.

BACKGROUND

This action arises out of Plaintiff Douglas Villarrubia's termination of employment with Defendant Safety-Kleen Systems, Inc. Plaintiff alleges that his termination violates Louisiana Revised Statutes § 23:967. Section 23:967 is Louisiana's whistleblower statute prohibiting employers from taking reprisal against employees who have advised the employer of a violation of law.[1] Plaintiff asserts that he was terminated after informing Defendant "that he did not have adequate training or proper safety equipment," which is a violation of Louisiana Revised Statutes § 23:13.[2] While Defendant's stated reason for terminating Plaintiff's employment was "for failing to log onto his work computer for the required amount of time," Plaintiff avers that this reason is pretextual.

---

[1] LA. REV. STAT. § 23:967.
[2] *Id.* § 23:13.

1

On June 2, 2023, Plaintiff filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson. Service was effected on Defendant on June 21, 2023, and Defendant filed a Notice of Removal to this Court on July 21, 2023. Defendant then filed the instant Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. Plaintiff has not filed any opposition into the record.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The Court need not, however, accept as true legal conclusions couched as factual allegations.[6]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[9]

---

[3] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[4] *Id.*
[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 667.
[7] *Id.*
[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[9] *Lormand*, 565 F.3d at 255–57.

## LAW AND ANALYSIS

Under Louisiana Revised Statutes § 23:967, a Plaintiff must prove that (1) an employer violated the law through a prohibited workplace act or practice; (2) an employee advised his or her employer of the violation; (3) he or she refused to participate in the illegal practice or threatened to disclose the practice; and (4) his or her employment was terminated as a result of the refusal or threat.[10] Further, the illegal workplace act or practice must be a violation of state, not federal, law.[11]

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to sufficiently plead the first and third elements of his claim under § 23:967. Specifically, Defendant argues that Plaintiff failed to identify any prohibited workplace act or practice and that Plaintiff failed to allege that he disclosed or threatened to disclose any unlawful practice. The Court now considers both of Defendant's arguments in turn.

### A. Identification of a Prohibited Workplace Act or Practice

In his petition, Plaintiff asserts that Defendant failed to furnish a safe working environment in violation of Louisiana Revised Statutes § 23:13. Section 23:13 provides:

> Every employer shall furnish employment which shall be reasonably safe for the employees therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such similar industry or places of employment considering the normal hazard of such

---

[10] Richardson v. Axion Logistics, L.L.C., 780 F.3d 304, 306 (5th Cir. 2015) (citing Hale v. Tuoro Infirmary, 886 So. 2d 1210, 1216 (La. App. 4th Cir. 2004)).

[11] *Hale*, 886 So. 2d at 1216 ("We further agree that the violation of law in question must be that of a state statute."); Ware v. CLECO Power LLC, 90 F. App'x 705, 709 (5th Cir. 2004) ("To state a claim under § 23:967, a plaintiff must allege the violation of state law."). *See also, e.g.*, Accardo v. La. Health Servs. & Indem. Co., 943 So. 2d 381, 383 (La. App. 1st Cir. 2003).

employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees.

Plaintiff further asserts that he reported the alleged violation of § 23:13 to his supervisors, as required by § 23:967.

Defendant asserts that Plaintiff's allegations are "vague and conclusory" and that he does not allege the specific safety devices, safeguards, methods, training, or personal protection equipment that Plaintiff was required to have under § 23:13. However, that extent of pleading is not required of Plaintiff at this stage.[12] Even so, Plaintiff specifically alleges that the violation of § 23:13 relates to inadequate training and failure to supply proper safety equipment to safely secure samples of used—and potentially toxic—lubricants and solvents in the field. Thus, this Court finds that, viewing the facts in a light most favorable to the plaintiff, Plaintiff Villarrubia has sufficiently pled a workplace act or practice violated state law.

### B. Threatened or Actual Disclosure of Such Act or Practice

Defendant next argues that the third element of Plaintiff's claim is not sufficiently pled because Plaintiff does not allege that he "disclosed or threatened to disclose" the alleged unlawful practice or who he disclosed that information to, other than a vague reference to his "superiors." While Plaintiff alleges that he informed his superiors of the violation of Louisiana law, Plaintiff does not allege any facts that support the plausible inference that he refused to participate in or threatened to publicize the unlawful practice.[13]

---

[12] *Ware*, 90 F. App'x at 709 ("To state a claim under LA. REV. STAT. § 23:967, a plaintiff must allege the violation of state law. Nowhere in his amended complaint does [plaintiff] indicate which state law, if any, was violated by [his employer] and therefore he fails to state a claim under LA. REV. STAT. § 23:967."). Here, Plaintiff specifically alleges that Defendant violated Louisiana Revised Statutes § 23:13 by providing an unsafe work environment.

[13] *See Hale*, 886 So. 2d at 1215 (holding that § 23:967 only protects employees who, after notifying their employers of a workplace practice or act which violates state law, either

Because a prima facie case under the Louisiana whistleblower statute requires that a plaintiff show that he or she refused to participate in the unlawful practice, publicized or threatened to publicize the practice, or provided information to a public body inquiring into the practice,[14] Plaintiff has not raised a plausible claim for relief under Louisiana Revised Statutes § 23:967. Thus, Plaintiff's claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiff's claim under Louisiana Revised Statutes § 23:967 is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall amend his Petition within 20 days of this Order to the extent that he can remedy the deficiencies identified herein.

New Orleans, Louisiana this 20th day of October, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

refuse to participate in the practice or threaten to publicize the practice); *Richardson*, 780 F.3d at 307 (applying the elements of a § 23:967 claim as articulated in *Hale*).
[14] LA. REV. STAT. § 23:967(A)(1)–(3); *Richardson*, 780 F.3d at 307.